# IN RE APPEAL OF McCREERY.

### PATENTS; SYSTEM OF VENTILATION.

A system of ventilation, the novel feature of which consists in supplying each of the branch pipes leading into a room or compartment to be ventilated, with nozzles composed of articulated sections of such construction that the current of air forced into the pipe may be discharged in any direction in the room by the adjustment of the nozzles, so that the incoming air may be more thoroughly agitated and commingled and drafts prevented, *held* to be patentable over the systems of ventilation disclosed by patents Nos. 182,746 and 177,847, issued to Aaron B. Brown and Edward S. Jennison, respectively.

Patent Appeals. No. 90. Submitted March 14, 1898. Decided April 12, 1898.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Wm. H. Singleton* for the appellant.

*Mr. W. A. Megrath* for the Commissioner of Patents.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellant, Joseph McCreery, appeals from a decision of the Commissioner of Patents denying him a patent for an improved system of ventilation.

There is an inlet for the introduction of the fresh outer air, with which is connected a blower that drives the air into the general supply pipe.

The latter has branches running into the apartments to be ventilated, with as many outlets therein as desired.

It is in the same manner adapted for ventilating cars, particularly those with compartments. The end of each of the branch pipes in a room or compartment is supplied with

a nozzle composed of articulated sections of such construction that the current of air may be discharged in any direction by their adjustment. The incoming air may also be heated when desired.

The object of sending the incoming air in different directions is not only to more thoroughly agitate and commingle the air, but also and more particularly to accomplish this without creating drafts.

Appellant has a patent for the combination of the induction and eduction pipes with the rotary fan for driving the air, issued June 5, 1894. The improvement of the application under consideration consists in forcing the fresh air through the branch pipe openings by means of the adjustable nozzles in different directions. By the different directions of these currents, made to meet each other as desired, the object is to so diffuse the air as to prevent injurious drafts.

A number of references were made in the Patent Office to anticipations; but the two patents finally relied upon are one to Aaron B. Brown, dated October 3, 1876, and another to Edward S. Jennison, dated May 23, 1876, the greatest weight being given to the latter.

Having carefully examined the specifications and claims of the foregoing patents, we are constrained to differ from the Commissioner and to hold that neither anticipates the improvement of the appellant. The feature of the Brown patent particularly referred to is that by which the fresh air is admitted around the top of the room at different points, thus giving a different direction to the currents. In a measure this is true, and the incoming air is better diffused; but each aperture on one side of a room discharges at the same angle and their currents do not come in contact with each other. They are met merely by the currents coming from either side at a like invariable angle. Appellant overcomes this difficulty of Brown's system of fresh air introduction by driving the air through the adjustable nozzles, whereby the adjacent currents can be made to intermingle at any angle

desired, and these may be changed at any time by resetting any one of the nozzles or shutting it off altogether.

Moreover, a strong draft may be turned in the same way upon any particular part of the room, if so desired.

The Jennison patent is for an improvement in car heaters and ventilators. The fresh air is driven through the heater by a fan and thence in a supply pipe along the top of the car. Openings at each seat or in each berth, if a sleeping car, are provided, to which are attached rubber pipes. These hang down, and the warm air, or cold when the heater is not operated, is turned upon the bottom of the car in jets. If these pipes were not flexible and could not be moved, they would distribute the air at the same angle, but at the bottom instead of at the top, as in Brown's system. The pipes are, however, made flexible for the express purpose of permitting the passengers in the car to take them up and turn the air current upon any part of their bodies while sitting upon a seat or lying in a berth. It is true the specifications say that the distributing pipes may be made of metal; but it is evident that they must be so constructed as to admit of being lifted and used by the occupants of the seats and berths in the same manner as the rubber pipes of preferred use. No attempt is made to show how this might be accomplished.

It is also true that when these pipes are caught up by passengers and held at different angles their currents will vary in direction to some extent, like those ejected from the branch pipes of appellant's system; but that is plainly not the purpose of their use, and no such function as the creation of variable air currents for the end sought to be attained by appellant was in contemplation. The normal condition of these pipes as ventilators is perpendicular, with their currents discharging against the bottom or floor of the car. They are made flexible, not that their currents may be made to move in different directions, but that individual passengers may at convenience turn them upon their bodies for comfort or pleasure. It is only when used for this special purpose that they operate at all after the manner of appellant's branch

pipes. As soon as released they resume their normal condi-
tion and operation.

Grant that the difference between the inventions of Brown
and Jennison and that of appellant may not be very great,
it nevertheless seems to us one that is patentable. *In re
Application of Snyder*, 10 App. D. C. 140.

For the reasons given the decision appealed from is re-
versed, and this decision, with the proceedings in this court,
will be certified to the Commissioner of Patents. *It is so
ordered.*                                *Reversed.*